**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JAMES MICHAEL KENNEY-PRENTISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-02018-MPB-TAB |
| v. | ) | |
| | ) | |
| STEPHANIE RENEE HOFFER, | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S**
**PARTIAL MOTION TO DISMISS AND/OR TO STRIKE**

In this action, James Kenney-Prentiss ("Kenney-Prentiss") asserts tort claims against Stephanie Hoffer ("Hoffer") relating to their failed romantic relationship, Hoffer's subsequent efforts to secure a protective order against Kenney-Prentiss, and their ongoing child custody dispute. The complaint—which spans fifty-seven single-spaced pages and includes allegations going back nearly a decade—includes numerous allegations that should be appropriately dismissed and trimmed from the pleading pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f).

Based on the face of the complaint, a number of Kenney-Prentiss's factual allegations are time-barred and due to be dismissed, under the applicable two-year statute of limitations, *see* Fed. R. Civ. P. 12(b)(6). Moreover, numerous paragraphs are rightly stricken as immaterial, impertinent, or scandalous, *see* Fed. R. Civ. P. 12(f), as they pertain to allegations that are immaterial and that otherwise only seek to embarrass and harass Hoffer or others. For this reason, Hoffer respectfully requests that the following allegations be dismissed and/or stricken from the

Complaint: Paragraphs 1-14, 26, 28-45, 50-60, 69, 73-74, 77-88, 90, 92, 94-95, 98, 104-105, 111-112, 115, 118-120, 123-124, 145-157, 161-162, 184, 192-193, 196, 236-245, 261-263.

Kenney-Prentiss also makes accusations against Hoffer in relation to testimony she gave in past court proceedings. However, such testimony is absolutely privileged and cannot serve as the basis of civil claims against her. Accordingly, Hoffer respectfully requests that the following Complaint allegations pertaining to past testimony be dismissed and/or stricken pursuant to Rules 12(b)(6) and 12(f): Paragraphs 97, 99, 102, 111, 138-142, 144, 159, 163, 165-169, 201-222.

Kenney-Prentiss makes allegations against Hoffer in relation to their pending custodial dispute, including the discovery conducted in that action. Those accusations are appropriately addressed to the state court with jurisdiction over the custodial dispute, not this Court. Therefore, the following Paragraphs should also be dismissed and/or stricken on that basis: Paragraph 201-222, 225.

Finally, Kenney-Prentiss asserts claims against Hoffer for "tortious interference with parental rights" and "civil conspiracy." (*See* Dkt. 1, Counts 8, 9.) Such causes of actions are not recognized in Indiana and are also appropriately dismissed as a matter of law.

Ultimately, Rules 12(b)(6) and 12(f) should be employed here to cut out those Complaint allegations that are inherently time-barred, immaterial, aimed solely at harassment, and/or which pertain to activity which is legally protected. Hoffer respectfully requests that her partial motion to dismiss and/or to strike be granted.

## I. Factual Allegations

Kenney-Prentiss filed his complaint on October 2, 2025. (Dkt. 1.) In the complaint, Kenney-Prentiss alleges that he and Hoffer entered into a romantic relationship, which resulted in the birth of a child in 2017. (Dkt. 1, p.2.) Kenney-Prentiss and Hoffer lived together in Zionsville, Indiana, from July 2020 until September 2023, when Kenney moved to Cleveland, Ohio. (Dkt. 1, p.2, ¶¶ 10, 13.)

Kenney-Prentiss includes numerous allegations regarding communications and disputes between himself and Hoffer that extend back as far as 2016, and, most importantly, prior to his move-out date in September 2023 and more than two years prior to the filing of the complaint. (*See* Dkt. 1, ¶¶ 1-14, 26, 37-45, 69, 73-74, 77-92, 94-95, 98, 104-105, 111-112, 115, 118-120, 123-124, 161-162, 184, 192-193, 196, 236-245, 261-263.) Many of these alleged communications are of a highly sensitive nature, including text communications between Kenney-Prentiss and Hoffer about their relationship struggles, sexual encounters, and consent (or lack thereof) to the same. (*See* Dkt. 1, ¶¶ 51-60, 145-157.) Other allegations pertain to Hoffer's past relationship with her former partner (Mr. Perry), a nonparty. (*See* Dkt. 1, ¶¶ 4, 28-36.)

In addition, Kenney-Prentiss also includes allegations pertaining to testimony that Hoffer has offered in previous proceedings, including the custody dispute. (*See* Dkt. 1, ¶¶ 97, 99, 102, 111, 138-142, 144, 159, 163, 165-169, 201-222.) And, in other allegations, Kenney-Prentiss complains about Hoffer's compliance with the Indiana Parenting Time Guidelines and other issues pertaining to their custody dispute. (See Dkt. 1, ¶¶ 201-222, 225.)

## II. Legal Standard

To survive a Rule 12(b)(6) motion, the complaint must show "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although factual assertions in the complaint are entitled to the assumption of truth, a claim may be dismissed if the plaintiff has pled himself out of court by alleging facts demonstrating he has no viable claim. *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). Every effort should be made by the district court from the start of a case to determine its likely merit and guide it to as swift a conclusion as is consistent with doing justice to the parties. *Milam v. Dominick's Finer Foods, Inc.*, 588 F.3d 955, 958-59 (7th Cir. 2009). The *Twombly* and *Iqbal* decisions emphasize the importance of prompt dismissal of unmeritorious claims. *Id.*

Additionally, "Federal Rule of Civil Procedure 12(f) provides that the court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *6 Trusts Indiana, LLC v. Carolina Logistics Servs., LLC*, No. 1:17-CV-04212-JMS-MPB, 2018 WL 898728, at *1 (S.D. Ind. Feb. 15, 2018). "The court may either strike on its own or on a motion by a party, and it has 'considerable discretion' in striking any redundant, immaterial, impertinent, or scandalous matter." *Id.* Indeed, "the plaintiff does not have license, under the guise of 'painting the picture' of the litigation, to use the federal courts as a forum to expose the private lives" of a defendant. *See Williams v. Boeing Co.*, Civ.A. No. 92-1290, 1992 WL 221749, at *1 (D. Kan. 1992).

## III. Legal Argument

### A. Numerous allegations in the complaint pertain to events that are time-barred by Indiana's two-year statute of limitations.

Indiana's two-year statute of limitations applies to tort claims for injury to person or character or personal property. *See* Ind. Code § 34-11-2-4(a) ("An action for: (1) injury to person or character; [or] (2) injury to personal property . . . must be commenced within two (2) years after the cause of action accrues.").

In this lawsuit, Kenney-Prentiss asserts claims for defamation, invasion of privacy, malicious prosecution, abuse of process, abuse of process, "Crime Victims Relief Act Claims," conversion, intentional infliction of emotional distress, tortious interference with parenting rights, and civil conspiracy, all of which would be subject to a two-year statute of limitations (if they were viable claims).

Accordingly, any of the paragraphs in the complaint pertaining to conduct that allegedly occurred more than two years prior to the filing of the complaint are time-barred and appropriately dismissed from the action. These include the following paragraphs based on the face of the pleading: Paragraphs 1-14, 26, 28-45, 50-57, 59-60, 69, 73-74, 77-88, 90, 92, 94-95, 98, 104-105, 111-112, 115, 118-120, 123-124, 145-157, 161-162, 184, 192, 193, 196, 236-245, 261-263. Hoffer respectfully requests that each of those paragraphs be dismissed and/or stricken.

### B. Other immaterial and scandalous allegations are rightly dismissed.

Additionally, "Federal Rule of Civil Procedure 12(f) provides that the court 'may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.'" *6 Trusts Indiana, LLC*, 2018 WL 898728, at *1.

Such a ruling is appropriate to "remove unnecessary clutter from the case," *see id.*, and to protect the personal privacy of a defendant. *Williams*, 1992 WL 221749, at *1. "Based on the text, Rule 12(f) is a tool to trim allegations that add no value or inflict gratuitous harm." *Hamilton v. Oswego Cmty. Sch. Dist. 308*, Case No. 20 C 0292, 2021 WL 767619, at *11 (N.D. Ill. Feb. 26, 2021).

Here, Kenney-Prentiss includes numerous allegations regarding communications and disputes with Hoffer that extend back as far as 2016, and, most importantly, prior to his move-out date in September 2023 and more than two years prior to the filing of the complaint. (*See* Dkt. 1, ¶¶ 1-14, 26, 37-45, 69, 73-74, 77-92, 94-95, 98, 104-105, 111-112, 115, 118-120, 123-124, 161-162, 184, 192-193, 196, 236-245, 261-263.) Many of these alleged communications are of a highly sensitive nature, including text communications between Kenney-Prentiss and Hoffer about their relationship struggles, sexual encounters, and consent (or lack thereof) to the same. (*See* Dkt. 1, ¶¶ 51-60, 145-157.) Other allegations pertain to Hoffer's past relationship with her former partner (Mr. Perry), a nonparty. (*See* Dkt. 1, ¶¶ 4, 28-36.)

Put simply, Kenney-Prentiss has included such allegations in an effort to embarrass, harass, and abuse Hoffer and others in a public pleading. The allegations are immaterial, impertinent, and scandalous, and should appropriately be stricken.

**C. Hoffer's statements under oath are absolutely privileged.**

"Indiana law has long recognized an absolute privilege that protects all relevant statements made in the course of a judicial proceeding, regardless of the

truth or motive behind the statements." *Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008).

Kenney-Prentiss includes a number of allegations pertaining to testimony that Hoffer has offered in depositions or proceedings relating to the protective order and their custody dispute. (*See* Dkt. 1, ¶¶ 97, 99, 102, 111, 138-142, 159, 163, 165-169, 201-222.) Such testimony is absolutely privileged under Indiana law. As a result, any claims based on such testimony are also rightly dismissed.

**D. Issues pertaining to the custody dispute are not before this Court.**

Kenney-Prentiss complains about actions taken in the custody matter, which remains pending in state court. (Dkt. 1, ¶¶ 201-222, 225.) Those complaints about actions taken by Hoffer, or her responses in discovery in that matter, are appropriately directed to the state court with jurisdiction over the custody dispute, not this Court. Accordingly, those paragraphs are also rightly stricken from the complaint as well.

**E. Kenney-Prentiss's claims for "tortious interference with parental rights" and "civil conspiracy" fail as a matter of law.**

Finally, in his eighth and ninth causes of action, Kenney asserts claim for "tortious interference with parental rights" and "civil conspiracy". While "tortious interference with parental rights" has been addressed in other states, it has not been recognized in Indiana. *See* George L. Blum, *Recognition and Application of Common Law Action for Tortious Interference with Parental Rights*, 103 A.L.R.6th 461 (Originally published in 2015). Likewise, "civil conspiracy is not an independent cause of action." *Newland Resources, LLC v. Branham Corp.*, 918 N.E.2d 763, 776

(Ind. Ct. App. 2009). Therefore, because such claims have not been recognized in Indiana, it is rightly dismissed as a matter of law. *See, e.g., Mulloy v. Cincinnati Gas & Elec. Co.*, 820 F. Supp. 1121, 1121-22 (S.D. Ind. 1992) (dismissing tort theory not recognized under Indiana law).

## IV. Conclusion

For the foregoing reasons, Stephanie Hoffer, by counsel, respectfully requests that the following paragraphs be dismissed and/or stricken from the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f): Paragraphs 1-14, 26, 28-45, 50-60, 69, 73-74, 77-88, 90, 92, 94-95, 97-99, 102, 104-105, 111-112, 115, 118-120, 123-124, 138-142, 145-157, 159, 161-163, 165-169, 184, 192-193, 196, 201-222, 225, 236-245, 261-263. Hoffer further requests that Kenney-Prentiss's claims for "tortious interference with parental rights" and "civil conspiracy" be dismissed as a matter of law.

Respectfully submitted,

*/s/ Philip R. Zimmerly*

Philip R. Zimmerly (Attorney No. 30217-06)
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 (FAX)
PZimmerly@boselaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2026, a copy of the foregoing document was filed electronically.

I hereby certify that on January 16, 2026, a copy of the foregoing document was mailed by first class mail, postage prepaid and properly addressed to *pro se* Plaintiff:

James Michael Kenney-Prentiss
1220 W 6th Street, Suite 303
Cleveland, OH 44113
440-212-6672
JMKP@JusticeInCleveland.com

*/s/ Philip R. Zimmerly*
Philip R. Zimmerly