# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | |
|---|---|
| **James Michael Kenney-Prentiss**<br><br>Plaintiff<br><br>v.<br><br>**Stephanie Renee Hoffer**<br><br>Defendant | Case No. 1:25-cv-02018-MPB-TAB<br><br>**Judge Matthew P. Brookman**<br><br>**Plaintiff's Response in Opposition to Defendant's Partial Motion to Dismiss and Motion to Strike (Docket No. 18–19)** |

FILED
02/06/2026
U.S. DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
Kristine L. Seufert, Clerk

Plaintiff Mr. Kenney-Prentiss, pro se, submits this Response in Opposition to *Defendant's Rule 12(b)(6) Partial Motion to Dismiss and/or Rule 12(f) Motion to Strike*, and respectfully requests that this Court deny Defendant's motion in full, and states:

## 1. Introduction and Procedural Background

On January 16, 2026, Defendant Ms. Hoffer moved to dismiss Count Eight (Tortious Interference with Parenting Rights) and Count Nine (Civil Conspiracy) of the Complaint under Rule 12(b)(6), and further sought to strike numerous paragraphs of the Complaint under Rule 12(f). Ms. Hoffer's motion argues that Indiana law does not recognize Count Eight, that Count Nine cannot stand alone, that much of the Complaint is time-barred by the statute of limitations, that certain allegations are protected by judicial privilege, and that Mr. Kenney-Prentiss' claims improperly overlap with child-custody proceedings. Ms. Hoffer also asks the Court to strike broad portions of the Complaint as immaterial or prejudicial.

Mr. Kenney-Prentiss now responds that Ms. Hoffer's motion should be denied in its entirety. As explained below, Count Eight is grounded in an unlawful deprivation of custody theory that Indiana precedent supports. Count Nine is properly pleaded in conjunction with the underlying tort claims and therefore should not be dismissed.

Moreover, the statute of limitations arguments do not warrant dismissing or striking large portions of the pleadings—much of the alleged misconduct occurred within the two-year limitations period. Older events provide relevant background and context for timely claims and are otherwise applicable under the "continuing wrong" doctrine.

Ms. Hoffer's invocation of absolute judicial privilege is misplaced, as Mr. Kenney-Prentiss is not suing for defamation based on any in-court statements; those statements are cited only as evidence to support claims like malicious prosecution or abuse of process, and other allegedly defamatory statements occurred outside of court. Likewise, Mr. Kenney-Prentiss' claims do not seek to modify any custody or parenting time orders and thus do not intrude upon the domain of the state family court. Finally, the sweeping request to strike numerous paragraphs of the Complaint should be rejected because Rule 12(f) motions are disfavored and require a clear showing of immateriality and prejudice, which is absent here.

For these reasons, the Court should deny the partial motion. In the alternative, if the Court finds merit in any portion of Ms. Hoffer's Rule 12(b)(6) arguments (particularly as to Count Eight), Mr. Kenney-Prentiss respectfully requests leave to amend the Complaint pursuant to Fed. R. Civ. P. 15(a)(2) (as justice requires) and Local Rule 15-1.

## 2. Ms. Hoffer's Motion to Dismiss Should Be Denied

### 2.1. Motions to Dismiss

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Duffy v. Lewis Bros. Bakeries, Inc.*, 760 F. Supp.3d 704, 712 (S.D. Ind. Dec. 19, 2024). Dismissal is appropriate only if the complaint fails to state a claim that is "plausible on its face" under the Twombly/Iqbal standard. *Ames v. Common Wealth Hotel*, No. 1:25-cv-00869-SEB-MG, 2 (S.D. Ind. Jan 23, 2026).

### 2.2. Count Eight Should Not Be Dismissed

Count Eight (parental interference) is supported by Indiana law and should survive a motion to dismiss.

Indiana recognizes the tort of "the unlawful deprivation of the custody, possession and companionship of the child." *Montgomery v. Crum*, 199 Ind. 660, ¶17 (1928); *cited* in *Stone v. Wall*, 734 So.2d 1038, 1043 n.6 (Fla. 1999) ("Sixteen state supreme courts have recognized the tort of intentional interference with the custodial relationship or abduction."); *Elza v. Liberty Loan Corp.*, 426 N.E.2d 1302, 1304 (Ind. 1981); *Havens v. Ritchey*, 582 N.E.2d 792, 795 (Ind. 1991). No Indiana court has since repudiated *Montgomery*, and its holding remains good law.

The logic of *Montgomery* supports Count Eight. The Complaint alleges that Ms. Hoffer willfully engaged in misconduct that deprived Mr. Kenney-Prentiss of custody and parenting time with their child. Without divulging all details in this brief, the Complaint describes how Ms. Hoffer's actions (including false statements and misuse of legal processes) resulted in Mr. Kenney-Prentiss being denied the custody, possession, and companionship of the child for a significant period. Such allegations fit squarely within the deprivation-of-custody theory approved in *Montgomery*.

The confusion among secondary sources is understandable. A few litigants have brought tortious interference claims under Indiana law and had them dismissed. The litigants' claims were **not** dismissed because Indiana disavowed such a tort. Instead, the claims were dismissed because the claimant failed to provide citation to authority. *E.g. Cornell v. Help at Home, LLC*, No. 20-CV-86, at 4–5 (N.D. Ind. May 7, 2021) (Claimant did not "cite to any case law or even argument describing or establishing the cause of action."); *Granberry v. Bright Ideas in Broad Ripple, Inc.*, 20 N.E.3d 925, (Ind. Ct. App. 2014) (mem.) ("[The plaintiff] does not contend through cogent argument and citation to authority that the crime of interference with custody gives rise to an actionable tort. And we find no authority under Indiana law to support that proposition.").

Mr. Kenney-Prentiss has cited Indiana authority supporting a custody-interference claim. At minimum, Indiana law does not foreclose a claim in these narrow circumstances, even if it has not been frequently litigated.

Accordingly, Mr. Kenney-Prentiss respectfully urges the Court to deny the motion to dismiss Count Eight. The allegations, taken as true, describe a deliberate wrongful interference with Mr. Kenney-Prentiss' custodial rights, causing harm that Indiana law deems remediable.

Should the Court find any aspect of Count Eight deficient in its formulation, Mr. Kenney-Prentiss requests the opportunity to re-plead this count to conform to the Court's guidance. Under the liberal amendment policy of Rule 15(a)(2), leave to amend should be freely given when justice requires. And, if the Court concludes that Count Eight as pleaded is too broad, Mr. Kenney-Prentiss can amend the complaint to clarify that the claim is limited to the language found in Montgomery and related cases.[1]

In sum, Count Eight is supported by Indiana law and should proceed, or alternatively, Mr. Kenney-Prentiss should be allowed to cure any pleading defects rather than having the claim dismissed with prejudice.

### 2.3. Count Nine Should Not Be Dismissed

Mr. Kenney-Prentiss agrees with Ms. Hoffer that "civil conspiracy is not an independent cause of action." *Newland Resources, LLC v. Branham Corp.*, 918 N.E.2d 763, 776 (Ind. Ct. App. 2009).

But that does not warrant dismissal.

Instead, "a claim of civil conspiracy must be considered together with an underlying alleged tort." *Anton Realty, LLC v. Fifth Third Bank*, No. 1:15-cv-00199-RLY-TAB, at 8–9 (S.D. Ind. Dec. 11, 2015), *citing Miller v. Cent. Ind. Cmty. Found., Inc.*, 11 N.E.3d 944, 963 (Ind. Ct. App. 2014) (The district court chose not to dismiss a count of civil conspiracy).

1 Plaintiff recognizes that Local Rule 15-1 requires a proposed amended pleading to accompany a motion for leave to amend. Plaintiff stands ready to submit a proposed amended complaint in compliance with S.D. Ind. L.R. 15-1 if the Court indicates that amendment is necessary. For present purposes, Plaintiff simply seeks the Court's leave to amend as an alternative to dismissing Count Eight.

In Indiana, "there is a civil cause of action for damages resulting from a conspiracy." *Sims v. Beamer*, 757 N.E.2d 1021, 1026 (Ind. Ct. App. 2001). "Allegations of conspiracy sound in tort." *Allen v. Great Am. Reserve Ins. Co.*, 766 N.E.2d 1157, 1168 (Ind. 2002).

It is simply not true that Count Nine has "not been recognized in Indiana." (Docket No. 19, p.8). Instead, "a claim for civil conspiracy can be supported by allegations of tortious conduct." *Anton Realty, LLC* at 9.

Presently, Mr. Kenney-Prentiss' Complaint alleges several underlying torts (including, for example, malicious prosecution, abuse of process, defamation, intentional infliction of emotional distress, and the Count Eight claim discussed above). These allegations supply the requisite underlying torts to support the civil conspiracy claim. Count Nine then asserts that Ms. Hoffer conspired with others to carry out these wrongful acts. So long as any of Mr. Kenney-Prentiss' tort claims survive, the conspiracy claim should also survive. Count Nine is properly pleaded and should not be dismissed.

## 3. Ms. Hoffer's Motion to Strike Should be Denied

Ms. Hoffer asks this Court to strike one hundred and sixteen (116) paragraphs in the Complaint because they are "immaterial, impertinent, and scandalous, and should appropriately be stricken." (Docket No. 19, p.6). However, Ms. Hoffer fails to demonstrate why any provision should be struck as a matter of law.

### 3.1. Motions to Strike

"The general rule is that motions to strike are disfavored." *Coyle Nissan, LLC v. Nissan North American Inc.*, No. 4:18-cv-75-TWP-TAB, p.2 (S.D. Ind. Sep. 21, 2021) (quotation omitted). This is because "they consume scarce judicial resources and may be used for dilatory purposes." *Burton v. Gray*, NO. 3:11-CV-026, at 2 (N.D. Ind. June 18, 2012). A "motion to strike should not be granted unless the language in the pleading has no possible relation to the controversy and is clearly prejudicial." *Humphrey v. Thind*, 2, No. 1:25-cv-00595-ALT, (N.D. Ind. Jan 12, 2026) (quotation omitted).

"Even what could be called colorful descriptive language is not stricken where it is material and pertinent to the claims at issue." *LeSEA, Inc. v. LeSEA Broad. Corp.*, 379 F. Supp. 3d 732, 742 (N.D. Ind. 2019). Also, "crude and vulgar language" in a Complaint is acceptable when it is "foundational pieces of the alleged events" and "material." *Kesterke v. BCD White Inc.*, Cause No. 1:18-CV-146-WCL-PRC, Analysis ¶5 (N.D. Ind. July 9, 2018).

The moving party bears the burden to demonstrate "that the challenged allegations are so unrelated to plaintiff's claim as to be devoid of merit, unworthy of consideration, and unduly prejudicial." *Humphrey* at 3 (quotation omitted).

### 3.2. The Allegations in the Complaint are Relevant and Material

Ms. Hoffer does not discuss any specific paragraph as irrelevant and immaterial. Of the one hundred and eight (108) paragraphs Ms. Hoffer seeks to strike, Mr. Kenney-Prentiss is unsure which one was specifically cited for being "immaterial" or "unnecessary" as opposed to "impertinent" and "scandalous." (Docket No. 19, p.6).

Instead, these allegations do have bearing on Mr. Kenney-Prentiss' claims and are not unduly prejudicial. They provide context, help establish elements like malice and intent, and narrate a coherent story of Ms. Hoffer's wrongful conduct. They are not scandalous or inserted merely to harass Ms. Hoffer; they are directly related to the controversy.

For instance, past incidents between the parties explain Ms. Hoffer's motive and the plausibility of Mr. Kenney-Prentiss' claims. Statements made in court (though not actionable as defamation) help show how far Ms. Hoffer went in her alleged scheme, supporting the abuse of process claim. None of this is the kind of pure fluff or vitriolic mudslinging that Rule 12(f) aims to target.

Ms. Hoffer has not shown that any particular allegation is "so unrelated to the plaintiff's claims as to be unworthy of consideration." Nor has she shown that any particular allegation will prejudice her. Absent such a showing, her motion to strike should be denied.

### 3.3. The Domestic Relations Exception Is Not Relevant

Ms. Hoffer claims that twenty-three (23) paragraphs should be struck because those issues should be "directed to the state court with jurisdiction over the custody dispute." (Docket No. 19, p.7). She cites no legal authority.

Ms. Hoffer's argument is misplaced. Mr. Kenney-Prentiss is **not** asking this Court to modify any child custody or parenting time order, nor is he seeking a change of custody, a visitation schedule adjustment, or any other form of relief that belongs in the state court. Rather, Mr. Kenney-Prentiss' claims seek damages and other relief for Ms. Hoffer's tortious conduct.

The Supreme Court supports Mr. Kenney-Prentiss when it held "that the domestic relations exception encompasses only cases involving the issuance of a divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992). And this domestic relations exception does not "permit a district court to abstain from exercising diversity jurisdiction over a tort action for damages." *Id*. at 692.

Ms. Hoffer's motion to strike certain paragraphs as custody related seems to suggest that any reference to the custody proceedings is irrelevant or prejudicial. Not so. Mr. Kenney-Prentiss' references to the custody case are necessary narrative context and pertinent to certain elements of the claims. These references are not asking the federal court to relitigate custody; they are simply describing what happened. There is no prejudice in the Court knowing the backdrop of a custody dispute. In fact, it would be hard to understand this case without it. The facts of what occurred in state court are critically relevant to Mr. Kenney-Prentiss' claims. Acknowledging these facts is a far cry from seeking a new custody order.

### 3.4. Privileged Claims

Ms. Hoffer seeks to strike thirty-five (35) paragraphs because of the privilege given to her statements made in judicial proceedings. But this misunderstands the law and misapplies it to this case.

Mr. Kenney-Prentiss agrees with her that Indiana law recognizes an "an absolute privilege that protects all relevant statements made in the course of a judicial proceeding." *Hartman v. Keri*, 883 N.E.2d 777, 777 (Ind. 2008).

But this does not prohibit the use of Ms. Hoffer's in-court statements.

This absolute privilege has a limited application. "The absolute privilege doctrine applies to defamation claims, torts related to defamation, and torts relying upon defamatory statements as proof of wrongdoing." *Eckerle v. Katz & Korin, P.C.*, 81 N.E.3d 272, 278 (Ind. Ct. App. 2017). And its limited application does not apply in this case.

The Complaint does not allege a cause of action for slander or libel premised on Ms. Hoffer's privileged statements. Mr. Kenney-Prentiss' defamation claim relies on communications made by Ms. Hoffer to others outside of any judicial proceeding.

Additionally, abuse of process and malicious prosecution claims are "not barred by an absolute privilege." *Estate of Mayer v. Lax, Inc.*, 998 N.E.2d 238, 251 (Ind. Ct. App. 2013); *See also Ivy v. Travelers Ins. Co.*, 1:22-cv-01228-TWP-MG, 4–5 (S.D. Ind. May 3, 2023).

Since Mr. Kenney-Prentiss brought the claims of abuse of process and malicious prosecution, Ms. Hoffer's in-court statements are **expressly permitted** to be used in the instant case. What Ms. Hoffer said in the judicial process is included to demonstrate her improper purpose and malice in pursuing litigation against Mr. Kenney-Prentiss, which is relevant to the claims of malicious prosecution and abuse of process.

Ms. Hoffer's expansive view of this absolute privilege finds no support in Indiana law. No Indiana case holds that the privilege operates to bar any claim in which a litigant's prior statements are mentioned. This privilege does not immunize Ms. Hoffer from Mr. Kenney-Prentiss' tort claims, nor does it require scrubbing well-pleaded facts from the Complaint. Therefore, these thirty-five (35) paragraphs should not be struck.

### 3.5. Ms. Hoffer Did Not Meet Her Burden

Ms. Hoffer did not meet her burden to demonstrate that any paragraph be struck. The domestic relations exception does not apply in this case. Her statements from judicial proceedings are expressly permitted to be included due to the nature of Mr. Kenney-Prentiss' claims. Ms. Hoffer did not offer any particular allegation as immaterial or unduly prejudicial. Therefore, none of the +100 paragraphs she wishes to remove should be struck.

## 4. Mr. Kenney-Prentiss Satisfied the Statute of Limitations

Ms. Hoffer is seeking to dismiss and strike seventy-five (75) paragraphs from the Complaint because several of the events occur outside the statute of limitations, citing both Rule 12(b)(6) and 12(f). Her bid to dismiss on statute-of-limitations grounds is premature and unfounded. As a result, Ms. Hoffer fails to meet her burden to demonstrate that any specific paragraph should be removed under either 12(b)(6) or 12(f).

### 4.1. Statutes of Limitation

"Normally, statute of limitations arguments are not appropriate for motions to dismiss." *Aldrich v. National Collegiate Athletic Assn.*, 565 F. Supp. 3d 1094, 1103 (S.D. Ind. 2021). This defense "is appropriate only where the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense." *Id.* (citations and quotations omitted).

"Timeliness issues often are factdependent and require a developed record to resolve." *McDonald v. U.S. Postal Service*, No. 24-3291, 4 (7th Cir. 2025). "If any conceivable facts that would defeat a statute-of-limitations defense are consistent with the complaint, then resolution of that defense must be deferred to later proceedings, like summary judgment." *Id.*

### 4.2. Ms. Hoffer Does Not Point to Any Specific Claim to Dismiss

Ms. Hoffer asks this Court to dismiss specific paragraphs, not specific claims. (Docket, No. 19, p.5) ("any of the paragraphs in the complaint pertaining to conduct that allegedly occurred more than two years prior to the filing of the complaint are time-barred and appropriately **dismissed** from the action.") (emphasis added).

Because Ms. Hoffer fails to cite any claim, it is unclear what claim she is looking to dismiss. Her motion to dismiss should therefore be seen as a motion to strike. *S.C. v. Union Township School Corp.*, No. 2:09-cv-167, Discussion ¶3 (N.D. Ind. Nov 5, 2009), *citing Edward C. Levy Co. v. Int'l Union of Operating Engineers*, 2007 U.S. Dist. LEXIS 77162, 8 (N.D. Ind. Oct. 16, 2007) (A "motion to dismiss should be treated as a motion to strike because the defendant sought to remove specific paragraphs from the plaintiff's complaint"). However, Ms. Hoffer fails to meet her burden under either of the rules.

### 4.3. Prior Conduct is Informative

Regardless of the relief Ms. Hoffer is requesting, all events outside the window of the statute of limitations are appropriately included in the Complaint. Generally, prior acts can be used "as background evidence in support of a timely claim." *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). In fact, prior acts can be "relevant in evaluating [a party's] actions." *Malin v. Hospira, Inc.*, 762 F.3d 552, 561 (7th Cir. 2014).

The Complaint is indeed detailed and chronological. It narrates the history of Mr. Kenney-Prentiss' interactions with Ms. Hoffer, including events prior to 2023, to paint a complete picture of Ms. Hoffer's motives, intent, and pattern of conduct. This historical information can be relevant to establish elements like malice, intent, or to explain how the situation escalated to the point of the tortious acts.

Thus, the mere fact that some of the allegations in the complaint occur outside the statute of limitations period is not enough to warrant removal.

### 4.4. The Continuing Harm Doctrine Applies

Mr. Kenney-Prentiss appropriately cites events beyond the statute of limitations period under the 'continuing wrong/violation' doctrine. "The continuing violation doctrine allows a plaintiff to reach back to include the facts in the beginning, even if that beginning lies outside the statutory limitations period." *Goldman v. Goldman*, No. 2:24 CV 262, Plaintiff's Untimely Claims ¶5, (N.D. Ind. Sep. 30, 2025, *citing Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001).

In Indiana, this applies when "an entire course of conduct combines to produce an injury, and in such cases the statutory limitations period does not begin to run until the end of the course of conduct." *Woodson v. Randall*, No. 25A-PL-779, ¶14 (Ind. Ct. App. 2026), *citing Anonymous Dr. A v. Foreman*, 127 N.E.3d 1273, 1278 (Ind. Ct. App. 2019).

In the instant case, Mr. Kenney-Prentiss alleges that Ms. Hoffer intentionally inflicted emotional distress over a period of many years. Ms. Hoffer wanted Mr. Kenney-Prentiss to commit suicide as recently as December 2023, well within the two-year period. (Docket No. 1, p.46). In fact, Ms. Hoffer's attempts to inflict harm continue to the present day.

Here, Mr. Kenney-Prentiss alleges recent misconduct within the limitations period, as well as earlier conduct that is part of a continuing pattern. At minimum, there is a factual question as to how the statute of limitations applies, making dismissal improper.

The Complaint does not suggest awareness of the claims such that the statute began to run before the end of the continuing wrongdoing. The Indiana courts have made clear that the continuing wrong doctrine will not save a claim if the plaintiff learns of the injury and its cause earlier but fails to sue. E*.g. Shakur v. Hendrix*, 234 N.E.3d 194, 201 (Ind. Ct. App. 2024). That is not the case here, as Mr. Kenney-Prentiss did not sleep on his rights but rather was subjected to an evolving pattern of harm, part of which falls within the statutory period. In fact, a sustained duration of harm is sometimes necessary to "blossom" into a valid claim. *Goldman*, Plaintiff's Untimely Claims ¶5, *citing Jones v. Merchants National Bank & Trust Co.*, 42 F.3d 1054, 1058 (7th Cir. 1994) and *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008).

Importantly, Mr. Kenney-Prentiss states that Ms. Hoffer committed intimate partner violence ("IPV") against him. (*E.g.* Docket 1, ¶58–76, ¶235–260). Cases involving IPV (still sometimes called domestic violence) are not a series of discrete acts, but instead form an overall pattern of tortious conduct. (i.e. intentional infliction of emotional distress). *Feltmeier v. Feltmeier*, 798 NE 2d 75, 89 (Ill. 2003) (In an IPV tort case, "a continuing tort does not involve tolling the statute of limitations because of delayed or continuing injuries, but instead involves viewing the defendant's conduct as a continuous whole for prescriptive purposes.").

"The tort of intentional infliction of emotional distress `is especially appropriate for a continuing pattern of domestic abuse.'" *Christians v. Christians*, 637 N.W.2d 377, 385 n.3 (S.D. 2001) (Konenkamp, J., concurring), *quoting* Douglas D. Scherer, *Tort Remedies for Victims of Domestic Abuse*, 43 S.C.L. REV. 543, 544 (1992); *Curtis v. Firth*, 850 P.2d 749 (Idaho 1993); *Richardson v. Richardson*, 906 N.W.2d 369 (S.D. 2017).

Thus, so long as the pattern of IPV continued into the statute of limitations period, prior IPV incidents are seen as part of the same claim. *E.g. Feltmeier* at 84–90 (Plaintiff sued their ex based on eleven (11) years of IPV during and after their relationship. The court held that the entire course of conduct constituted one continuing tort of IIED.).

Lastly, Mr. Kenney-Prentiss is not under a duty to affirmatively prove that all allegations in the Complaint are incorporated by the continuing wrong doctrine. Instead, the issue is simply whether a continuing violation is plausibly argued, as viewed in the light most favorable to Mr. Kenney-Prentiss. As such, facts beyond the statute of limitations period are appropriately included in the Complaint.

### 5. Ms. Hoffer's Motion Should Be Denied

Ms. Hoffer is seeking to dismiss two (2) counts and strike one hundred and forty-four (144) paragraphs from the Complaint. But Ms. Hoffer fails to meet her burden under either 12(b)(6) and 12(f). She does not discuss any paragraph with specificity, failing to meet her burden as the movant. Her statements made in judicial proceedings are explicitly permitted due to the abuse of process and malicious prosecution claims. The domestic relations exception does not apply. The alleged facts in the Complaint, to include those beyond the statute of limitations, are relevant, material, and appropriately included. Count Eight and Count Nine have sufficient legal backing in Indiana caselaw. In short, Ms. Hoffer's motion should be denied.

Respectfully Submitted,

*/s/James M. Kenney-Prentiss/s/*

**James M. Kenney-Prentiss**
Plaintiff, *Pro Se*
1220 W 6th Street, Suite 303
Cleveland, Ohio 44113
440-212-6672
JMKP@JusticeInCleveland.com

## Certificate of Service

I hereby certify that on February 6, 2026, a copy of the foregoing Response in Opposition was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system.

Respectfully Submitted,

*/s/James M. Kenney-Prentiss/s/*
**James M. Kenney-Prentiss**
Plaintiff, *Pro Se*