**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| JAMES MICHAEL KENNEY-PRENTISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:25-cv-2018-MPB-MJD |
| v. | ) | |
| | ) | |
| STEPHANIE RENEE HOFFER, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY BRIEF IN SUPPORT OF DEFENDANT'S**
**PARTIAL MOTION TO DISMISS AND/OR TO STRIKE**

James Kenney-Prentiss's complaint spans 57 single-spaced pages, includes allegations going back nearly a decade, and seeks to put the private lives of two former romantic partners on full display in the public arena. Numerous paragraphs pertain to (i) alleged facts that go well past the statute of limitations, (ii) matters that are immaterial, impertinent and scandalous and that are aimed at embarrassing and harassing Stephanie Hoffer and nonparties, and (iii) past judicial testimony and an ongoing custodial dispute. Hoffer has requested that certain identified paragraphs be trimmed via the tenets of Rule 12(b)(6) and 12(f). Such a winnowing, whether by striking the offending paragraphs or requiring re-pleading is consistent with Rule 1 (requiring that the rules be administered to "secure the just, speedy, and inexpensive determination of every action") and Rule 8 (requiring that a pleading "must contain … a short and plain statement of the claim showing that the pleader is entitled to relief"). Hoffer respectfully requests that the Court apply its able discretion and judicial experience to address her concerns as it sees fit.

Hoffer responds briefly to each of Kenney-Prentiss's arguments:

- First, Kenney-Prentiss argues that his claim of "parental interference" (Count 8) is supported by a century-old case *Montgomery v. Crum*, 161 N.E. 251 (Ind. 1928), which he suggests "recognize[d] the tort 'of the unlawful deprivation of the custody, possession, and companionship of the child.'" (Dkt. 21 at 3.) Not so. *Montgomery* dealt with ***child abduction*** by a father who stole a child to whom he had no custodial rights and then "kept and detained the child in hiding and concealment from [her mother] in various towns and cities in the state of Florida, also in Cuba, the Isle of Pines, and Mexico, continuously" for a nine-year period. *Montgomery*, 161 N.E. at 254. There is no basis for this Court to create a new cause of action for "parental interference," nor would any such claim be prudent, since it would tortify custodial disputes between parents, as Kenney-Prentiss seeks here.

- Second, Kenney-Prentiss seeks to maintain his civil conspiracy claim (Count 9). But conspiracy is a legal theory—not a standalone tort. *Newland Resources, LLC v. Branham Corp.*, 918 N.E.2d 763, 776 (Ind. Ct. App. 2009). As such, "Count 9" is also due to be dismissed.

- Third, responding to the motion to strike, Kenney-Prentiss contends that his paragraphs "provide context," and do not include the "kind of pure fluff or vitriolic mudslinging that Rule 12(f) aims to target." (Dkt. 21 at 6.) The Court can review the Complaint and make its own independent determination of that. Kenney-Prentiss includes numerous allegations regarding communications and disputes between himself and Hoffer that extend back as far as 2016, and, most importantly, prior to

his move-out date in September 2023 and more than two years prior to the filing of the complaint. (See Dkt. 1, ¶¶ 1-14, 26, 37-45, 69, 73-74, 77-92, 94-95, 98, 104-105, 111-112, 115, 118-120, 123-124, 161-162, 184, 192-193, 196, 236-245, 261-263.) Many of these alleged communications are of a highly sensitive nature, including text communications between Kenney-Prentiss and Hoffer about their relationship struggles, sexual encounters, and consent (or lack thereof) to the same. (See Dkt. 1, ¶¶ 51-60, 145-157.) Other allegations pertain to Hoffer's past relationship with her former partner (Mr. Perry), a nonparty. (*See* Dkt. 1, ¶¶ 4, 28-36.) "[T]he plaintiff does not have license, under the guise of 'painting the picture' of the litigation, to use the federal courts as a forum to expose the private lives" of a defendant. *See Williams v. Boeing Co.*, Civ.A. No. 92-1290, 1992 WL 221749, at *1 (D. Kan. 1992).

- Fourth, Kenney-Prentiss contends that his allegations pertaining to the custody dispute, (Dkt. 1, ¶¶ 201-222, 225), and relating to testimony offered in past proceedings (Dkt. 1, ¶¶ 97, 99, 102, 111, 138-142, 159, 163, 165-169, 201-222), belong in this action. But complaints about actions taken by Hoffer in the custody dispute, her responses in discovery in that action, and testimony offered in those other proceedings, are appropriately directed to the state court with jurisdiction over those disputes, not this Court. Testimony offered in past proceedings is also entitled to an absolute privilege. *Hartman v. Keri*, 883 N.E.2d 774, 777 (Ind. 2008). Once again, trimming the complaint to address the actual claims before this Court is within this Court's able discretion. *6 Trusts Indiana, LLC v. Carolina Logistics Servs., LLC*, No. 1:17-CV-04212-JMS-MPB, 2018 WL 898728, at *1 (S.D. Ind. Feb. 15, 2018).

- Finally, Kenney-Prentiss argues that allegations pertaining to "events outside the window of the statute of limitations are appropriately included the Complaint," to "paint a complete picture of Ms. Hoffer's motives, intent, and pattern of conduct." (Dkt. 21 at 10.) Once again, "painting the picture" does not give license to a plaintiff to expose an individual's private life or to waste time and resources with facts that plainly fall outside the statute of limitations. *See Williams*, 1992 WL 221749, at *1. Moreover, "dismissal at the pleading stage is permissible when it is clear from the face of the complaint that the claims are untimely." *See Goldman v. Goldman*, No. 2:24-CV-262, 2025 WL 2778503, at *5 (N.D. Ind. Sept. 30, 2025).

There is also no basis for the "continuing harm doctrine" to apply, as the cases that Kenney-Prentiss cites have no application to the tort claims asserted here, all of which have must have accrued within the statute of limitations to be timely. *See Goldman v. Goldman*, No. 2:24-CV-262, 2025 WL 2778503, at *4-5 (N.D. Ind. Sept. 30, 2025) (rejecting application of continuing violation doctrine to claims for defamation, legal malpractice, breach of fiduciary duty, intentional infliction of emotional distress, and violations of Section 1983, as all were subject to a two-year statute of limitations); *Woodson v. Randall*, No. 25A-PL-779, 2026 WL 201925, at *4 (Ind. Ct. App. 2026) (applying continuing harm doctrine to claim involving mismanagement of trust assets and comingling of funds by fiduciary for decedent with dementia who had no awareness of such wrongdoing); *Shakur v. Hendrix*, 234 N.E.3d 194, 201 (Ind. Ct. App. 2024) (rejecting application of continuing wrong

doctrine to Section 1983 claim by prisoner and applying two-year statute of limitations applicable to state torts).

## Conclusion

Hoffer, by counsel, respectfully renews her request that the following paragraphs be dismissed and/or stricken from the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(f): Paragraphs 1-14, 26, 28-45, 50-60, 69, 73-74, 77-88, 90, 92, 94-95, 97-99, 102, 104-105, 111-112, 115, 118-120, 123-124, 138-142, 145-157, 159, 161-163, 165-169, 184, 192-193, 196, 201-222, 225, 236-245, 261-263. Hoffer further requests that Kenney-Prentiss's claims for "tortious interference with parental rights" and "civil conspiracy" be dismissed as a matter of law.

Respectfully submitted,

*/s/ Philip R. Zimmerly*

Philip R. Zimmerly (Attorney No. 30217-06)
Bose McKinney & Evans LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000
(317) 684-5173 (FAX)
PZimmerly@boselaw.com

*Attorney for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 17, 2026, a copy of the foregoing document was filed electronically. I hereby certify that on February 17, 2026, a copy of the foregoing document was mailed by first class mail, postage prepaid and properly addressed to *pro se* Plaintiff:

James Michael Kenney-Prentiss
1220 W 6th Street, Suite 303
Cleveland, OH 44113
440-212-6672
JMKP@JusticeInCleveland.com

*/s/ Philip R. Zimmerly*
Philip R. Zimmerly