UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES MICHAEL KENNEY-PRENTISS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-02018-MPB-MJD |
| | ) | |
| STEPHANIE RENEE HOFFER, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING PLAINTIFF'S PETITION FOR RELEASE OF MENTAL HEALTH RECORDS PURSUANT TO INDIANA CODE § 16-39-3**

Before the Court is Plaintiff's Petition for Release of Defendant's Mental Health Records Pursuant to Ind. Code. § 16-39-3. [Dkt. 51.] Plaintiff makes this petition under Ind. Code § 16-39-3 because Defendant has refused to provide her mental health records to Plaintiff. *Id.* at 3. Specifically, Plaintiff "respectfully petitions this Court for a hearing in order to obtain Defendant Ms. Hoffer's mental health records pursuant to Ind. Code § 16-39-3[.]" *Id.* at 1. Defendant argues that Plaintiff's motion is "procedurally improper under the federal rules." [Dkt. 56.]

This case is before the Court under its diversity jurisdiction. "Under [*Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938)], and its progeny, federal courts sitting in diversity apply state substantive law using federal procedural rules. For federal rules to apply, '[t]he test must be whether a rule really regulates procedure—the judicial process for enforcing rights and duties recognized by substantive law and for justly administering remedy and redress for disregard or infraction of them." *Goesel v. Boley Intern. (H.K.) Ltd.*, 806 F.3d 414, 419 (7th Cir. 2015) (quoting *Sibbach v. Wilson & Co.*, 312 U.S. 1, 14 (1941)).

Ind. Code § 16-39-3 provides the process for how litigants in Indiana state courts can seek access to a person's mental health records without consent. Notably, it establishes no independent basis for a privilege in a person's mental health; instead, it provides the process for enforcing recognized privileges in mental health records. *See* Ind. Code § 16-39-3-9 (requiring a court order authorizing release of a person's mental health records to "[i]nclude other measures necessary to limit disclosure for the protection of the patient, **the provider-patient privilege**, and the rehabilitative process") (emphasis added). Thus, Ind. Code § 16-39-3 is a state procedural rule which does not apply in this Court. *Johnson v. Rogers*, 2018 WL 10246993, at *4 (S.D. Ind. Apr. 20, 2018) (rejecting the argument that a party seeking non-consensual access to mental health records in federal court "must file a petition in an Indiana state court pursuant to [Ind. Code] § 16-39-3-3(2)" because, "[t]o the extent that the Indiana legislature requires a separate procedure for the discovery of information—federal law governs such matters of procedure"). Consequently, Plaintiff's motion is **DENIED**.

If Plaintiff still desires access to Defendant's mental health records, he must file a motion to compel those records under the Federal Rules of Civil Procedure.

SO ORDERED.

Dated: 24 SEP 2026

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

JAMES MICHAEL KENNEY-PRENTISS
1220 W 6th Street
Suite 303
Cleveland, OH 44113

All ECF-registered counsel of record via email.